713 F.2d 627
 13 Fed. R. Evid. Serv. 1661
 UNITED STATES of America, Plaintiff-Appellant,
v.
William Harrison KING, J.B. McGlocklin, Michael D. Berry,
a/k/a Jerry Forsh, Walter Arthur Parker, Raymond
Watson, and Herbert L. Williams,
Defendants-Appellees.
 No. 82-5880.
 United States Court of Appeals,
Eleventh Circuit.
 Aug. 29, 1983.
 
 David L. McGee, Asst. U.S. Atty., Tallahassee, Fla., for United states.
 Judith Dougherty, Tallahassee, Fla., for J.B. McGlocklin.
 Richard Lubin, West Palm Beach, Fla., for William Harrison King.
 Robert Adams, Jr., Marianna, Fla., for Michael D. Berry, a/k/a Jerry Forsh.
 James Jenkins, Atlanta, Ga., for Walter Arthur Parker.
 Vincent Flynn, Miami, Fla., for Raymond Watson.
 Appeal from the United States District Court for the Northern District of Florida.
 Before HILL, KRAVITCH and HENDERSON, Circuit Judges.
 KRAVITCH, Circuit Judge:
 
 
 1
 Defendants-appellees were convicted of conspiracy to possess marijuana with intent to distribute, but the convictions were overturned because the trial judge improperly excluded defense opinion testimony offered to impeach the government's key witness, Patrick Campbell. United States v. Watson, 669 F.2d 1374 (11th Cir.1982). Before defendants were brought to trial again Campbell was killed in an automobile accident; accordingly, at retrial the government sought to introduce Campbell's prior testimony. In response to a defense motion in limine the district court found the prior testimony admissible under Federal Rule of Evidence 804(b)(1), but excluded it under Federal Rule of Evidence 403. Finding error, we reverse.
 
 I.
 
 2
 Patrick Campbell was the star witness at defendants' first trial. He was on the witness stand for one and a half days, and was subjected to extensive cross-examination. Campbell was "the lynchpin to the government's case. His testimony was the only testimony to link all the [defendants] in a single conspiracy ...." United States v. Watson, supra, 669 F.2d at 1383. Because defendants were indicted on only one count of conspiracy, Campbell's testimony was essential to the convictions.
 
 
 3
 Equally apparent, "Campbell's credibility was critical to the government's case." Id. The judge at the original trial (the "original trial judge"), however, on objection by the government, improperly excluded the opinion testimony of four defense witnesses prepared to impeach Campbell's credibility. See Watson, supra, 669 F.2d at 1382-83. On appeal the government confessed the error of its objection, 669 F.2d at 1383 n. 7, and we reversed, remanding for a new trial. Id. at 1392.
 
 
 4
 Before the government could retry defendants, Patrick Campbell died in an automobile accident. The government announced its intention to use Campbell's prior testimony, pursuant to 804(b)(1), Federal Rules of Evidence [Rule 804(b)(1) ]. Defendants responded with a motion in limine to exclude the testimony, arguing first that limitations on the right to cross-examine at the initial trial removed the prior testimony from the scope of Rule 804(b)(1), and second that the testimony should be excluded under Rule 403, Federal Rules of Evidence [Rule 403] because the prejudicial nature of the testimony outweighed its probative value.
 
 
 5
 The district judge granted the motion to exclude. In a carefully considered opinion the judge held, over defendants' objection, that the prior testimony was admissible under Rule 804(b)(1). In this regard the court noted "none of [the original judge's] rulings pertaining to cross-examination of the Campbells were raised on appeal or briefed by any of the defendants. Consequently, this court deems these objections waived, and otherwise sees little merit in these assertions."[1]
 
 
 6
 The court then considered the second prong of defendants' attack, that on retrial they cannot impeach effectively the transcript testimony of Patrick Campbell, and that, therefore, the evidence should be excluded under the balancing test of Rule 403. To this claim the district court was sympathetic:
 
 
 7
 The reason for retrial of this case is to allow defendants the opportunity to attack the credibility of Patrick Campbell. The government contends that Patrick Campbell's death hurts the prosecution more than the defense and that the government's case is disadvantaged when the defense can put on live witnesses to impugn the credibility of deceased key government witnesses. I do not agree. I believe it constitutes unfair prejudice within the meaning of Rule 403, Federal Rules of Evidence, to allow the government to present its testimony from a cold reading of the trial transcript. Without seeing and hearing Patrick Campbell himself, I believe the jury cannot fairly judge his credibility.
 
 
 8
 Accordingly, the motion to exclude Patrick Campbell's testimony was granted. The government announced it could not go to trial without Campbell's testimony, and filed an immediate appeal pursuant to 18 U.S.C. § 3731.[2]
 
 II.
 
 9
 Preliminarily, we must consider[3] the admissibility of Patrick Campbell's testimony under Rule 804, which provides an exception to the rule against hearsay in certain situations where the declarant is "unavailable" to take the stand.[4] Rule 804 establishes a two-step inquiry. First, a witness must be "unavailable" as that term is defined in section 804(a). Patrick Campbell meets that requirement as he is "unable to be present or to testify at the hearing because of death...." Federal Rules of Evidence 804(a)(4).
 
 
 10
 Second, the testimony of the unavailable witness must fall within one of the categories of admissible evidence enumerated in section 804(b). The district court found Campbell's testimony admissible under the first of these, section 804(b)(1) "former testimony," which provides:
 
 
 11
 (1) Former testimony. Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.
 
 
 12
 Defendants argue below and urge on appeal that the exception is inapplicable because they were not afforded "an opportunity ... to develop the testimony by ... cross ... examination," id., because the original trial judge limited the scope of cross-examination of Patrick Campbell.
 
 
 13
 We find this argument wholly without merit. Admittedly, from time-to-time the original trial judge limited both the scope and breadth of the cross-examination. In order for Rule 804(b)(1) to apply the opportunity to cross-examine must be "adequate," or "meaningful"; however, it need not be unbounded. See and compare Complaint of Paducah Towing Co., Inc., 692 F.2d 412, 418-19 (6th Cir.1982) (examination by non-attorney in administrative proceeding where administrative law judge limited scope of examination to one question is not "meaningful"); United States v. Amaya, 533 F.2d 188, 191-92 (5th Cir.1976) ("adequate opportunity" does not require representation by same counsel in different proceedings).
 
 
 14
 Patrick Campbell was on the witness stand for one and a half days, the majority of that time devoted to cross-examination. He was examined extensively by several defense attorneys. Based on the above, and our independent reading of Campbell's prior testimony, we believe no significant curtailment of cross-examination occurred. The decision to limit examination to a reasonable extent was well within the trial judge's discretion, United States v. Varella, 692 F.2d 1352, 1355 (11th Cir.1982), cert. denied, --- U.S. ----, 103 S.Ct. 3542, 76 L.Ed.2d --- (1983).[5]III.
 
 
 15
 Despite ruling Campbell's prior testimony admissible under Rule 804(b)(1) the district court exercised its discretion under Rule 403 and held it would exclude the evidence at trial. The court "believe[d] it constitutes unfair prejudice within the meaning of Rule 403, Federal Rules of Evidence, to allow the government to present its testimony from a cold reading of the trial transcript." We disagree.
 
 
 16
 Rule 403 permits the trial court to exclude evidence otherwise admissible because the "probative value" of that evidence "is substantially outweighed by the danger of unfair prejudice."[6] Several basic principles govern the application of Rule 403. First, "because it permits a trial court to exclude concededly probative evidence, Rule 403 is an extraordinary remedy which should be used sparingly." United States v. Thevis, 665 F.2d 616, 633 (5th Cir. Unit B 1982). Not only does this admonition comport with the fact that the federal rules favor admission of evidence over exclusion if the evidence has any probative value, United States v. Guerrero, 667 F.2d 862, 867 (10th Cir.1981); United States v. Day, 591 F.2d 861, 879 (D.C.Cir.1979), but it takes into account an oft-stated and important observation: in a criminal trial relevant evidence is inherently prejudicial; it is only when unfair prejudice substantially outweighs probative value that the rule permits exclusion. United States v. Thevis, 665 F.2d 616, 633 (5th Cir. Unit B 1982); United States v. Grassi, 602 F.2d 1192, 1194 (5th Cir.1979); United States v. McRae, 593 F.2d 700, 707 (5th Cir.), cert. denied, 444 U.S. 862, 100 S.Ct. 128, 62 L.Ed.2d 83 (1979); Weinstein & Berger, Weinstein's Evidence p 403.
 
 
 17
 Second, while prosecutorial need alone does not mean probative value outweighs prejudice, United States v. Frick, 588 F.2d 531, 538 (5th Cir.1979), the more essential the evidence, the greater its probative value[7], and the less likely that a trial court should order the evidence excluded. See United States v. Mills, 704 F.2d 1553, 1560 (11th Cir.1983) (because testimony "essential" and not introduced merely to "bolster" government's case, court unwilling to consider a Rule 403 violation); United States v. Spletzer, 535 F.2d 950, 956 (5th Cir.1976) (under Rule 403 important consideration relating to probative value is prosecutorial need for the evidence). The major function of Rule 403 is "limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." United States v. McRae, supra, 593 F.2d at 707.
 
 
 18
 Third, in making the Rule 403 determination the district court is accorded broad discretion, which we review only for clear abuse. United States v. Cole, 670 F.2d 35, 36 (5th Cir. Unit B 1982); United States v. Thevis, supra, 665 F.2d at 634; United States v. Adcock, 651 F.2d 338, 343 (5th Cir. Unit B 1981). Because the discretion traditionally accorded a district judge depends upon a superior ability to view witnesses and assess the impact of evidence, United States v. Day, 591 F.2d 861, 878 (D.C.Cir.1979); id. at 892 n. 30 (dissent); United States v. Robinson, 560 F.2d 507, 514-15 (2d Cir.1977) (en banc), however, the appellate court is freer to perform the Rule 403 balancing ab initio when the issue arises in limine. United States v. Day, supra, 591 F.2d at 878.
 
 
 19
 After holding Patrick Campbell's testimony admissible under Rule 804(b)(1) the district court excluded the testimony under Rule 403 because "[w]ithout seeing and hearing Patrick Campbell himself, I believe the jury cannot fairly judge his credibility." However, Rule 804(b)(1) explicitly permits introduction of former testimony, despite the fact that the opportunity to view demeanor is lost. See Advisory Committee Notes, Rule 804(b)(1).[8] For this reason the government argues that to permit the use of Rule 403 to exclude on demeanor grounds evidence admissible under Rule 804(b)(1) would be to emasculate the latter rule. We do not entirely agree. The district judge held Rule 403 would serve to exclude such former testimony in this case, not every case. It is well-established that all admissible evidence is subject to exclusion under Rule 403. United States v. Frick, supra, 588 F.2d at 537 n. 3; United States v. Spletzer, 535 F.2d 950, 955-56 (5th Cir.1976).
 
 
 20
 We believe, however, that the court below struck the incorrect balance in excluding Campbell's testimony. Although the memorandum opinion does not fully explain the reasons the judge believed unfair prejudice would result from a reading of the prior testimony, a review of the proceedings below suggests two possibilities. First, there was concern the witnesses called to attack Campbell's credibility would be more reticent to denigrate the character of a dead man than a living witness. This was not an insignificant concern given the fact we ordered the case retried because the defense was precluded from adequately attacking Campbell's credibility at the first trial. We believe, however, that the argument is two-edged. While some might hesitate to malign a dead man, others might speak more freely if there is no fear of retribution. Balanced thus, without further evidence, we doubt that this concern supports exclusion.
 
 
 21
 Second, there is evidence to suggest that Campbell's demeanor was more important to an evaluation of his credibility than one would expect of the average witness. Defense counsel portray Campbell as a "smirking" witness, displaying a certain disdain for the entire trial proceeding. The following is a pointed example of Campbell's truculence:
 
 
 22
 Q: [Mr. Goldstein]: In November of 1979--is something funny?
 
 
 23
 A: [Campbell]: No, sir. I can grin if I want to, can't I?
 
 
 24
 Q: You certainly can. I was just asking you if you found something funny.
 
 
 25
 A: Okay.
 
 
 26
 Mr. McGee: Your honor, I'm going to object to Mr. Goldstein's comments. Those obviously are not designed to elicit answers to relevent [sic] material.
 
 
 27
 Mr. Goldstein: I believe the record wouldn't adequately reflect the witness' attitude and I was asking him if something was particularly funny. I would like to know what it was, your honor. I wasn't trying to be impertinent.
 
 
 28
 The Witness: Do you want me to answer that?
 
 
 29
 Mr. Goldstein: Do you find something funny about this proceeding?
 
 The Witness: No. (T.674-75)
 
 30
 Nonetheless, we remain unpersuaded. Having reviewed Campbell's prior testimony, we are not convinced Campbell's demeanor and disdain were as egregious as counsel suggest. Further, to the extent Campbell's demeanor was of particular import, that attitude is apparent from the transcript.
 
 
 31
 Balanced against any unfair prejudice is the clear language of Rule 403: "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." (emphasis supplied). The government has no case without the testimony of Patrick Campbell. In this instance the probative value is as high as it possibly could be; as compared to the government need, the danger of unfair prejudice suggested by the defendants and supported by the record is de minimis.
 
 
 32
 Accordingly, we reverse and remand with instructions to permit the introduction of Patrick Campbell's testimony. In so doing we repeat the suggestion in United States v. Day, 591 F.2d at 878:
 
 
 33
 If, at trial, other considerations not apparent from the present record demonstrate the existence of some unfair prejudicial effect not otherwise evident on the record, the district court is free to take those considerations into account and declare, through a proper application of the applicable standards, the evidence inadmissible under Rule 403. Thus, if the circumstances of the trial change, the district court is free to do its own balancing in light of new or altered circumstances.
 
 
 34
 (emphasis in original). On the record before us, however, we see no basis for the testimony's exclusion.
 
 
 35
 REVERSED and REMANDED.
 
 
 
 [1]
 The motion in limine included a request to exclude the testimony of Patrick Campbell's wife Deborah, also unavailable at trial. That request was denied below and was not appealed. Additionally, the motion in limine contained an issue concerning a conflict of interest in multiple representation that added to the failure to cross-examine Patrick Campbell adequately, ostensibly because of differing interests. The opinion of the court below fully resolves the conflict issue, at the same time foreclosing any concern that a conflict led to inadequate "opportunity" to cross-examine within the meaning of Rule 804(b)(1)
 
 
 [2]
 18 U.S.C. § 3731 provides, in pertinent part:
 * * *
 An appeal by the United States shall lie to a court of appeals from a decision or order of a district courts [sic] suppressing or excluding evidence ... in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.
 
 
 [3]
 Before the district court defendants argued first that Patrick Campbell's prior testimony was inadmissible under Rule 804, and second that it should be excluded under Rule 403. The district court pursued the latter course and the government appeals that ruling. Nevertheless, defendants, who are appellees in this court, urge that if the evidence improperly was excluded under Rule 403, the judgment still may be affirmed by holding the evidence inadmissible under Rule 804. Because we reverse on the Rule 403 grounds, therefore, we must address the Rule 804 question. We do so in this order because the Rule 804 question of admissibility logically precedes the Rule 403 question of exclusion
 
 
 [4]
 Rule 804 provides in pertinent part:
 Rule 804. Hearsay Exceptions; Declarant Unavailable
 (a) Definition of unavailability. "Unavailability as a witness" includes situations in which the declarant--
 * * *
 (4) is unable to be present or to testify at the hearing because of death or then existing physical or mental illness or infirmity; or
 * * *
 (b) Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
 (1) Former testimony. Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.
 * * *
 
 
 [5]
 The court below overruled defendants' objection to Rule 804(b)(1) admissibility on the ground it was waived because counsel neither briefed nor raised on original appeal any error in limiting cross-examination. Without addressing the issue whether by failing to appeal cross-examination issues prior counsel waived any subsequent objection to introduction of testimony under Rule 804(b)(1), we note that an appeal was taken on other issues, but not on curtailment of the right to cross-examine. This suggests the curtailment was not so severe as to deny a meaningful opportunity
 
 
 [6]
 Rule 403 provides:
 Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.
 
 
 [7]
 Evidence is probative if it makes the existence of a fact material to the action more or less probable. In the absence of any other evidence that all defendants were part of the conspiracy, not only is the government's need high, but that evidence becomes quite probative. United States v. Frick, 588 F.2d 531, 537 (5th Cir.1979) (defining relevant evidence). The jury is, of course, free to believe or disbelieve the testimony
 
 
 [8]
 The Advisory Committee points out that former testimony is the "strongest" hearsay because oath and opportunity to cross-examine are present; all that is lacking is "demeanor," but that is the case with all hearsay exceptions. Advisory Committee Notes, Rule 804(b)(1)