[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 11-15461; 12-12321
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-20265-JAL-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES ROBERT RICHARDSON,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(May 2, 2013)

Before: CARNES, BARKETT, and PRYOR, Circuit Judges.

PER CURIAM:

James Robert Richardson appeals his convictions and sentence of 210

months of imprisonment for three counts of distributing child pornography, 18

U.S.C. § 2252(a)(2), and one count of possessing child pornography, id. § 2252(a)(4)(B).  Richardson challenges the denial of his motion to suppress, the admission of video recordings of child pornography, and the denial of his motion for a new trial.  Richardson also challenges the denial of his request for a downward departure and the reasonableness of his sentence.  We affirm.

Richardson argues that the district court should have suppressed the video recordings seized from his residence during the execution of a search warrant because there was stale information in the underlying affidavit, but we need not address this argument because Richardson waived any challenge to an alternative ground for that ruling.  The district court determined that the warrant was supported by probable cause and ruled, in the alternative, that the agents acted in good faith by relying on the search warrant, see United States v. Leon, 468 U.S. 897, 922, 104 S. Ct. 3405, 3420 (1984).  Richardson failed to challenge the alternative ruling in his initial brief.  See United States v. Jernigan, 341 F.3d 1273, 1284 n.8 (11th Cir. 2003).

The district court also did not abuse its discretion by admitting into evidence short segments of some of the pornographic video recordings.  Richardson argues that the prejudicial effect of the explicit videos outweighed their probative value given his stipulation that they contained child pornography, but Richardson contested the issue of his mens rea.  In recognition that all incriminating evidence

2

is inherently prejudicial, Federal Rule of Evidence 403 excludes evidence of only "scant or cumulative probative force," United States v. King, 713 F.2d 627, 631 (11th Cir. 1983), and "is not designed to permit the court to 'even out' the weight of the evidence, to mitigate a crime, or to make a contest where there is little or none," United States v. McRae, 593 F.2d 700, 707 (5th Cir. 1979).  The video recordings are probative of whether Richardson knew the videos depicted minors engaging in sexually explicit conduct and intended to distribute those videos in interstate commerce.  See United States v. Dodds, 347 F.3d 893, 899 (11th Cir. 2003).  As Richardson acknowledged during a pretrial hearing, "[t]he government [was] . . . very good in limiting the amount" of video footage to show the jury.  Of the 118 videos that Richardson possessed, the government prepared segments of less than three and one half minutes of 10 videos that contained more than 140 minutes of pornography and introduced, in the end, excerpts of only 9 of those videos.  See id.; United States v. Alfaro-Moncada, 607 F.3d 720, 734 (11th Cir. 2010).  And the district court sought to prevent any unfair prejudice by inquiring during voir dire whether any prospective juror "would not be able to sit, view and listen to the evidence . . . and be fair to both the Government and the Defendant" after viewing video recordings "that depict minors in very graphic sexual situations."  See Dodds, 347 F.3d at 899.

3

Richardson argues that the district court should have "view[ed] [the videos] prior to trial," but even if we assume the district court erred by not viewing the videos, the error was harmless in the light of the "overwhelming evidence of [Richardson's] guilt," United States v. Phaknikone, 605 F.3d 1099, 1109 (11th Cir. 2010). Testimony from agents of the Federal Bureau of Investigation established that an internet protocol address assigned to Richardson shared five video files of child pornography through a peer-to-peer file sharing network in January 2011 and shared eight more video files of child pornography on two occasions in March 2011; Richardson remarked spontaneously on seeing agents at his home, "You are here because of the kiddie porn"; and agents discovered in the master bedroom a computer containing 13 pornographic videos on the hard drive and a plastic bag of 30 computer disks containing 105 video recordings of child pornography. Richardson admitted to downloading the video recordings from the internet and to sharing child pornography through the internet, see 18 U.S.C. § 2252(a)(2), (a)(4)(B), and the videos depicted sexually explicit conduct of young children engaging in various sexual acts with adults, including one video of a girl who was approximately ten years old being raped by an adult man.

The district court did not abuse its discretion by denying Richardson's motion for a new trial. Richardson asserted that trial counsel was ineffective for misadvising him that he faced the same penalty for both offenses, but the record

4

supports the contrary conclusion of the district court.  Although trial counsel averred in one affidavit that he misadvised Richardson that he faced the same penalty for both offenses, counsel averred in a second affidavit that he had confused Richardson's case with another case and that pretrial notes refreshed his memory about informing Richardson of the correct sentence ranges.  The district court was entitled to credit trial counsel's testimony that he gave accurate sentencing information to Richardson.  See United States v. McPhee, 336 F.3d 1269, 1275 (11th Cir. 2003).  Trial counsel's testimony was consistent with counsel's pretrial notes and with Richardson's testimony that counsel "explained . . . that [one offense] was [subject to] a five-year minimum mandatory" and "[t]he other one was zero to five years."  Richardson argues that trial counsel was ineffective for blaming Richardson's son and wife for the pornography and failing to call certain witnesses or investigate an excuse-based defense, but Richardson raised these new arguments for the first time at his evidentiary hearing, which was held well beyond the 14-day period allowed to seek a new trial.  See Fed. R. Crim. P. 33(b)(2).  And the district court could not entertain Richardson's new arguments as grounds for a motion to vacate because Richardson already had filed a written notice to appeal his convictions.  See United States v. Wilson, 894 F.2d 1245, 1252 (11th Cir. 1990).

We lack jurisdiction to review the denial of Richardson's request for a downward departure. We cannot examine a discretionary decision not to depart downward "unless the district court incorrectly believed that it lacked authority to grant the departure." United States v. Dudley, 463 F.3d 1221, 1228 (11th Cir. 2006). The district court considered Richardson's age and his "medical issues" and determined that his request for a downward departure and "a sentence of 60 months would [not] meet the requirements of 3553(a), given the very serious nature of the offense, the characteristics of the videos, the extended period of time during which [he] was involved in downloading and possessing child pornography and the need for the sentence imposed to provide just punishment." The record establishes that the district court "understood that it could depart, but chose not to do so." Dudley, 463 F.3d at 1228.

The district court did not abuse its discretion in sentencing Richardson to a term of imprisonment at the low end of the advisory guidelines range. The district court found that Richardson possessed "without doubt the most horrific child pornography videos that [the district court] . . . in [its] 15 years plus . . . [had] ever seen"; he kept the videos "on [his] computer and . . .[on] numerous CDs under his desk" in his bedroom; and "every time [he] download[ed] [videos] . . . [there were] real children who[were] being victimized over and over again." The district court considered Richardson's age and ailments and reasonably determined that the

statutory purposes of sentencing were best served by imposing a sentence of three concurrent terms of 210 months for distributing child pornography to run concurrent with one term of 120 months for possessing child pornography.  See 18 U.S.C. § 3553(a).  Richardson's argument that his "typical downloader case" warranted a lesser sentence is unpersuasive in the light of the heinous nature of the videos he possessed, the atrocious abuses the children suffered in those videos, and the number of children abused in the 118 videos that he downloaded.  Richardson's sentence is reasonable.

We **AFFIRM** Richardson's convictions and sentence.