[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-12919

_____

D.C. Docket No. 0:15-cv-60280-JIC

JOYCE D. HIGGS,

Plaintiff - Appellee
Cross Appellant,

versus

COSTA CROCIERE S.P.A.,

Defendant - Appellant
Cross Appellee.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(December 12, 2017)

Before HULL and DUBINA, Circuit Judges and RESTANI,[*] Judge.

---

[*] Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

PER CURIAM:

Defendant/Cross-Appellee, Costa Crociere ("Costa"), appeals the district court's denial of its motion for new trial on Plaintiff, Joyce Higgs's ("Higgs") negligence claim. In its motion, Costa challenged the jury verdict and the award of damages for future medical expenses. Higgs cross-appeals challenging the district court's failure to provide a jury instruction regarding the collateral source rule. After reviewing the record, reading the parties briefs and having the benefit of oral argument, we reverse the judgment entered on the jury's verdict and remand this case for a new trial.[1]

## I.    BACKGROUND

In December 2015, Higgs accompanied her family on a cruise aboard a Costa cruise ship, the Luminere. After getting her breakfast food from the buffet one morning, Higgs fell as she turned from the buffet to locate a seat. Higgs's daughter, Christina Bartolo ("Christina"), testified that her mother tripped over a bucket full of cleaning water that was left in the area. Higgs landed on her left shoulder and was unable to rise to her feet. Christina called for help, and several Costa employees assisted Higgs to the ship's medical bay. Ultimately, Costa transported Higgs ashore, where she went to a hospital at Grand Turk. The

---

[1] Because of our disposition on Costa's direct appeal, we need not reach the issue presented in the cross-appeal.

medical staff took X-rays, and the doctor told her she would be okay in a sling until she returned to the United States in a few days.  Higgs opted to return to the ship with her family.  (R. Doc. 141-4, p. 32-37.)

Once Higgs returned to the United States, she went home with Christina, who resides in Georgia, and sought medical treatment.  Following more x-rays and evaluations, doctors diagnosed her with a fractured humerus and a torn biceps tendon.  Two weeks after the accident, an orthopedic surgeon inserted a plate and twelve screws into Higgs's shoulder.  Christina testified that the surgery went well, but her mother was in a lot of pain.

Higgs filed suit alleging that Costa's negligence proximately caused her injury.  During discovery, Higgs testified about three or four prior trip-and-fall accidents she had over a span of one year preceding the accident at issue.  Higgs's counsel filed a motion in limine to have this evidence excluded based on Federal Rule of Evidence 403 and to have Costa not refer to prior falls or introduce evidence of them until the court ruled on the motion.  Then at trial, the district court granted the motion and ruled that the prejudicial effect of prior falls substantially outweighed the probative value of that evidence.  Because the district court ruled out the prior falls evidence, the references to the prior falls and treatment for them in the medical records were redacted from the medical records

3

evidence introduced at trial.  At the close of Higgs's case in chief, Costa moved for a directed verdict as to future medical care and future medical expenses.  The district court, viewing the evidence in the light most favorable to the non-moving party, Higgs, denied the Civil Procedure Rule 50 motion.  Finding Costa negligent, the jury attributed 85% comparative fault to Costa.  The jury awarded a total amount of $1,316,326.01, which included $16,326.01 in past medical expenses paid, $500,000 in past general damages, and $800,000 in future general damages for pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, and loss of capacity of enjoyment of life.  Costa filed a motion for a new trial or to alter or amend the judgment pursuant to Civil Procedure Rule 59 which the district court denied.  Costa then perfected this appeal.

## II. ISSUES

The issues presented on appeal are: (1) whether the district court erred in denying Costa's motion for new trial; (2) whether the district court erred in limiting Costa's corporate representative to testimony that involved only his personal knowledge; and (3) whether the evidence was sufficient to support the jury's verdict.

The issue raised in the cross-appeal is whether the district court erred in failing to instruct the jury on the collateral source rule and its application in this case.

## III. STANDARDS OF REVIEW

This court reviews a ruling on a motion for a new trial for abuse of discretion. *McGinnis v. Am. Home Mortg. Servicing, Inc.*, 817 F.3d 1241, 1255 (11th Cir. 2016) (citing *Middlebrooks v. Hillcrest Foods, Inc.*, 256 F.3d 1241, 1247 (11th Cir.2001)). This court reviews the district court's grant of a motion in limine for abuse of discretion. *Mercado v. City of Orlando*, 407 F.3d 1152, 1156 (11th Cir. 2005).

"A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." *Citizens for Police Accountability Political Comm. v. Browning*, 572 F.3d 1213, 1216–17 (11th Cir. 2009).

## IV. DISCUSSION

In her pre-trial deposition, Higgs testified about several prior trips and/or falls she had over a span of one year preceding the accident at issue. She attributed her tripping accidents to her failure to step high enough (pick up her feet). Her

5

medical records also document several falls, and her Facebook post notes that she has the ability to "trip over completely nothing." Higgs's counsel moved to have this evidence excluded, arguing that it was unduly prejudicial under Civil Procedure Rule 403. The district court agreed and granted the motion.

A district court's decision to exclude evidence is "an extraordinary remedy which should be used sparingly," and the court may exclude relevant evidence "only when *unfair* prejudice *substantially* outweighs probative value." *United States v. King*, 713 F.2d 627, 631 (11th Cir. 1983) (citation omitted). Thus, "the balance should be struck in favor of admissibility," and courts must "maximize[e] [the evidence's] probative value and minimiz[e] its undue prejudicial impact," *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010). Thus, a district court's "discretion to exclude evidence under Rule 403 is narrowly circumscribed." *United States v. Smith*, 459 F.3d 1276, 1295 (11th Cir. 2006).

In our view, the district court abused its discretion in excluding evidence of Higgs's prior falls because its probative value was greater than any possible prejudice. The evidence of prior falls provides a possible explanation for her harm other than Costa's negligence. "The defendant's ability to present alternate causes is of paramount importance in allowing for an adequate defense." *Aycock v. R.J. Reynolds Tobacco Co.,* 769 F.3d 1063, 1069-70 (11th Cir. 2014) (noting that

6

because under Florida law, a plaintiff has the burden on all four elements of negligence, courts treat evidence presented by plaintiffs differently than evidence produced by defendants to rebut causation).  The evidence was relevant and probative of Higgs's knowledge with regard to the cause of her fall.  Causation was an issue at trial, as well as the liability of each party, and the damages.  Higgs had the burden of proving causation, and Costa was unable to challenge sufficiently her causative theory because it was unable to present this evidence to diminish its liability.

We also conclude that the evidence of prior falls was relevant to the determination of comparative fault.  The jury found Costa 85% liable and Higgs 15% liable, and the jury's allocation of fault would have been different if it had heard evidence of Higgs's prior falls.  This evidence was also relevant to damages because it would show her pre-existing conditions and her propensity to fall.

The error committed by the district court was also compounded by the fact that, during his final rebuttal closing argument, Higgs's counsel stated several times to the jury that Higgs had "never fallen before" and that "she didn't fall down and stumble all the time."  Higgs's counsel also told the jury: "Did you know Ms. Higgs has never fallen before, never been injured, never had an accident before?"  Because Costa's counsel was unable to rebut this, Costa suffered

7

substantial prejudice and did not receive a fair trial.  Accordingly, we reverse the

judgment entered on the jury's verdict and remand this case for a new trial.

REVERSED and REMANDED.

8

DUBINA, Circuit Judge, concurring.

I concur fully in the judgment of the court but write specially to add a second reason for reversing the district court's judgment: the jury's award of $1.3 million substantially exceeds the evidence of damages presented at trial.  Contrary to the district court's findings, there was not "extensive evidence regarding Higgs'[s] painful surgery, unsightly scar, months of therapy, persistent pain and discomfort, limitations on performing daily activities, impaired ability to play with her grandchildren and to enjoy her hobbies, and fear of needing future treatment." (R. Doc. 153, p. 4.)  Thus, I conclude that the district court abused its discretion in allowing such an excessive verdict based on the scant evidence of pain, suffering, past medical expenses, and future medical expenses.  The award is more than 25 times the amount of out-of-pocket expenses Higgs incurred as a result of the accident.  Accordingly, I would also reverse the judgment of the district court based on the excessive verdict.

9