[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-11614

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CARLOS KENTRAL KERNEY,
a.k.a. CARLOS KENTRAIL KEARNEY,
a.k.a. CARLOS KANTREL KERNEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:22-cr-00022-AW-MAL-1

_____

Before JORDAN, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Carlos Kerney appeals his convictions for possessing various controlled substances (including marijuana) with the intent to distribute, carrying a firearm during a drug trafficking offense, and possessing a firearm as a convicted felon.  He argues that the district court erred in admitting testimony under Federal Rule of Evidence 404(b) from Mark McNeil that he had previously sold marijuana to Mr. McNeil and may have done so the night of the arrest. First, Mr. Kerney argues that Mr. McNeil's testimony was not relevant to a contested issue because the government offered the testimony to prove his intent and he did not contest the "intent to distribute" allegation as to the narcotics charges; instead, he only defended on the ground that he did not knowingly possess the controlled substances.  Second, Mr. Kerney argues that Mr. McNeil's testimony was insufficient to establish that he had previously sold Mr. McNeil marijuana.  Third, Mr. Kerney argues that the probative value of Mr. McNeil's testimony was outweighed by its potential for unfair prejudice and confusing or misleading the jury.

Ordinarily, we review a district court's evidentiary rulings for an abuse of discretion. *See United States v. Turner*, 474 F.3d 1265, 1275 (11th Cir. 2007). But when a defendant fails to preserve an evidentiary issue by not contemporaneously objecting to the evidence's admission or raises an argument for the first time on appeal, we review the evidentiary rulings for plain error only. *See id.*; *United States v. Harris*, 886 F.3d 1120, 1127 (11th Cir. 2018). To establish plain error, a defendant must show that there is "(1) error, (2) that is plain and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Turner*, 474 F.3d at 1276 (quotations marks omitted).

Rule 103 of the Federal Rules of Evidence requires a party to timely object to the admission of evidence to preserve a claim of error for appeal. *See* Fed. R. Evid. 103(a)(1)(A). A party must renew its objection unless and until the district court definitively rules on the issue to preserve a claim of error. *See* Fed. R. Evid. 103(b); *see also United States v. Wilson*, 788 F.3d 1298, 1313 (11th Cir. 2015) (holding that the defendant did not preserve a claim of error for appeal when he objected to the admission of evidence before trial, the district court only issued a provisional ruling, and the defendant did not renew the objection at trial).

The Federal Rules of Evidence prohibits the introduction of evidence of a "crime, wrong, or act" to "prove a person's character in order to show that on a particular occasion the person acted in

accordance with the character." Fed. R. Evid. 404(b)(1). Evidence of prior bad acts may be introduced, however, to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed R. Evid. 404(b)(2). Such evidence is admissible when: (1) it is relevant to an issue other than the defendant's character; (2) sufficient evidence is presented that would allow a jury to find that the defendant committed the act by a preponderance of the evidence; and (3) its probative value is not substantially outweighed by the potential for undue prejudice or any other factor listed in Rule 403. *See United States v Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007). As to the second prong, the government can satisfy the preponderance of the evidence standard even when the evidence that the defendant committed the prior bad act lacks detail and is uncorroborated. *See United States v. Shores*, 966 F.2d 1383, 1386 (11th Cir. 1992) ("A juror is free to disbelieve the proffered testimony based on its lack of detail and corroboration; however, this does not mean that there is not sufficient evidence for a reasonable juror to find that the defendant *could* have indeed committed the offense.") (emphasis in original).

Rule 404(b) does not apply when evidence is intrinsic to the charged offense in that the evidence is: "(1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offenses, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offenses." *United States v. Ford*, 784 F.3d 1386, 1393 (11th Cir. 2015) (internal quotations omitted and alterations adopted). If evidence "pertain[s] to the chain of events explaining

the context, motive and set-up of the crime" and is "linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury," it is independently admissible. *See United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998) (internal quotations omitted). Evidence of prior bad acts, whether intrinsic evidence or extrinsic evidence offered pursuant to Rule 404(b), is always subject Rule 403 of the Federal Rules of Civil Procedure. *Ford*, 784 F.3d at 1393.

Rule 403 states that district courts "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Rule 403 is an extraordinary remedy that courts should employ "only sparingly since it permits the trial court to exclude concededly probative evidence." *United States v. Smith*, 459 F.3d 1276, 1295 (11th Cir. 2006) (quotation marks omitted). Accordingly, we view the disputed evidence "in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact." *Id.* (quotation marks omitted). All relevant evidence in a criminal case is inherently prejudicial to some extent, so "it is only when *unfair* prejudice *substantially* outweighs probative value that the rule permits exclusion." *United States v. King*, 713 F.2d 627, 631 (11th Cir. 1983) (emphasis in original). "'[U]nfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground

different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

A conviction for possessing a controlled substance with intent to distribute under 21 U.S.C. § 841(a)(1) requires the government to prove both that the defendant knowingly and willfully possessed a controlled substance *and* that he did so with the intent to distribute it. *See United States v. Anderson*, 289 F.3d 1321, 1325 (11th Cir. 2002). A defendant who pleads not guilty makes intent a material issue, even if his defense at trial is not explicitly related to his intent. *See United States v. Cochran*, 683 F.3d 1314, 1321 (11th Cir. 2013) (upholding the admission of evidence of a prior drug offense under Rule 404(b) in a possession with intent to distribute case as relevant to the defendant's intent even through his defense was that he did not reside at the home where the drugs were found and evidence of the prior drug crime did not establish his residence). Evidence of prior drug dealings can be highly probative of intent to distribute a controlled substance, even if the prior crime involved a different kind or amount of drug. *See United States v. Colston*, 4 F.4th 1179, 1191 (11th Cir. 2021). We have also held that extrinsic drug offenses do not tend to incite a jury to an irrational decision. *See United States v. Delgado*, 56 F.3d 1357, 1366 (11th Cir. 1995).

At trial, Mr. Kerney lodged only a Rule 403 objection to Mr. McNeil's testimony about the marijuana sales. The district court did not err—plainly or otherwise—in permitting Mr. McNeil to testify that, if Mr. Kerney had been to his home the night of the arrest, it would have been to sell him marijuana, because it was intrinsic

evidence, not subject to Rule 404(b), and its probative value was not outweighed by its potential for unfair prejudice under Rule 403. The district court also did not plainly err in permitting Mr. McNeil to testify that Mr. Kerney had sold him marijuana on 20 to 25 prior occasions under Rule 404(b) because the prior sales were relevant to the issue of intent, were established by a preponderance of the evidence, and their probative value was not outweighed by the potential for unfair prejudice or confusing or misleading the jury.

Accordingly, we affirm Mr. Kerney's convictions.

**AFFIRMED.**