[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10925

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

AHKIL NASIR CRUMPTON,
a.k.a. Crump,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 3:22-cr-00012-TES-CHW-1

_____

Before NEWSOM, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

Ahkil Crumpton appeals his convictions for attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and aiding and abetting the making of a false statement to a federally licensed firearms dealer in connection with the purchase of a gun, in violation of 18 U.S.C. §§ 2, 922(a)(6), and 924(a)(2). Crumpton alleges that the district court violated his constitutional right to present a complete defense by excluding evidence that a third party was guilty of the charged offenses.[1]

A criminal defendant has a constitutional right to "a meaningful opportunity to present a complete defense" under the Fifth and Sixth Amendments. *United States v. Frazier*, 387 F.3d 1244, 1271 (11th Cir. 2004) (quotation marks and citation omitted). Generally, a defendant must be allowed to introduce evidence that (1) directly pertains to an element of the charged offense or an affirmative defense; (2) pertains to "collateral matters that, through a reasonable chain of inferences, could make the existence of one or more of the elements of the charged offense or an affirmative defense more or less certain"; (3) "is not itself tied to any of the elements of a

---

[1] Generally, we review a district court's evidentiary rulings for an abuse of discretion. *United States v. Sarras*, 575 F.3d 1191, 1209 n.24 (11th Cir. 2009). But "[w]hether the exclusion of evidence violated a constitutional guarantee is a legal question reviewed *de novo*." *Id.*

crime or affirmative defense, but that could have a substantial impact on the credibility of an important government witness"; or (4) is not "directly or indirectly relevant to any of the elements of the charged events," but "nevertheless tends to place the story presented by the prosecution in a significantly different light." *United States v. Hurn*, 368 F.3d 1359, 1363 (11th Cir. 2004).

However, the district court may exclude otherwise admissible evidence where the probative value of that evidence is substantially outweighed by the danger of unfair prejudice. *United States v. King*, 713 F.2d 627, 631 (11th Cir. 1983). Pursuant to Federal Rule of Evidence 403, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. In the habeas context, we have explained that "[d]ue process may require a trial court to allow the introduction of evidence of another party's possible guilt when there is some showing of a nexus between the other party and the particular crime with which a defendant is charged." *Cikora v. Dugger*, 840 F.2d 893, 898 (11th Cir. 1988) (footnote omitted).[2]

---

[2] Additionally, our sister circuits have held that evidence of third-party guilt is inadmissible when a sufficient, non-speculative nexus between the crime charged and the alternative perpetrator is lacking. *See, e.g.*, *DiBenedetto v. Hall*, 272 F.3d 1, 8–9 (1st Cir. 2001); *United States v. Lighty*, 616 F.3d 321, 358–59 (4th Cir. 2010); *United States v. Jordan*, 485 F.3d 1214, 1219–21 (10th Cir. 2007).

If a district court errs by excluding evidence in violation of a defendant's constitutional guarantees, we will reverse unless the error was "harmless beyond a reasonable doubt." *United States v. Nunez*, 1 F.4th 976, 983 (11th Cir. 2021) (quotation marks and citation omitted). A "harmless error" is any error that "does not affect substantial rights" and "must be disregarded." Fed. R. Crim. P. 52(a). A constitutional error is harmless if it "did not contribute to the verdict obtained." *United States v. Pon*, 963 F.3d 1207, 1227 (11th Cir. 2020) (quotation marks and citation omitted). Additionally, if the district court "permits a defendant to present the essence of his desired argument to the jury, his right to present a complete defense has not been prejudiced." *United States v. Harris*, 916 F.3d 948, 959 (11th Cir. 2019).

Here, the district court did not violate Crumpton's constitutional right to present a complete defense by excluding evidence that a third party was guilty of the charged offenses. The district court reasonably excluded evidence that Crumpton's friend and roommate, Juwan Taylor, was a possible suspect because its probative value was substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury. *Frazier*, 387 F.3d at 1271; *see also* Fed. R. Evid. 403. As the district court noted, singling out Taylor could have resulted in a "mini-trial" against Taylor, taking the jury's focus away from determining whether Crumpton was guilty of the charged offenses.

Moreover, as the district court emphasized, the nexus between Taylor and the RaceTrac gas station robbery was insufficient

24-10925                Opinion of the Court                5

to warrant admitting evidence that Taylor was a potential perpetrator.  *See Cikora*, 840 F.2d at 898; *DiBenedetto*, 272 F.3d at 8–9; *Lighty*, 616 F.3d at 358–59; *Jordan*, 485 F.3d at 1219–21.  The connection Crumpton alleged was largely based on physical similarities between Crumpton and Taylor and the fact that Taylor had fired Crumpton's gun at a shooting range on one occasion; that evidence was vague and speculative, which created a risk of confusing the jury.

Additionally, there was insufficient evidence that Taylor had access to Crumpton's firearm at the time of the robbery and no evidence that he was near the RaceTrac when the incident occurred.  Rather, the government presented evidence that Taylor's height eliminated him as a potential suspect, which demonstrated the attenuated connection between Taylor and the crime and further confirmed that the probative value of the evidence of Taylor's guilt was substantially outweighed by the danger of unfair prejudice and misleading the jury.  Thus, because the district court reasonably excluded evidence that Taylor was a potential perpetrator, it did not violate Crumpton's constitutional right to present a complete defense.  *Frazier*, 387 F.3d at 1271.

Any alleged error was also "harmless beyond a reasonable doubt" because Crumpton's right to mount a complete defense was not prejudiced, as he could argue that law enforcement conducted a deficient investigation.  *Nunez*, 1 F.4th at 983; *Harris*, 916 F.3d at 959.  The court observed several times that Crumpton could assert that the government's investigation was incomplete and

question law enforcement about why it did not investigate other potential suspects.  At trial, Crumpton presented his theory that the government's investigation of him was incomplete and that an alternative perpetrator was responsible for the crime.  For example, Crumpton cross-examined Taylor, introduced evidence of Taylor's financial struggles to insinuate Taylor had a motive to commit the RaceTrac robbery, and extensively questioned FBI Special Agent Jamie Hipkiss regarding law enforcement's investigation of other potential perpetrators.  Additionally, Crumpton reiterated that the government focused on him as a suspect and did not thoroughly investigate other leads, such as his roommate, which demonstrates that he presented the essence of his desired argument to the jury. Therefore, Crumpton's constitutional right to present a complete defense was not prejudiced.  *Nunez*, 1 F.4th at 983; *Harris*, 916 F.3d at 959.

**AFFIRMED.**