**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Vivian CACHO, Defendant–Appellant.**

**No. 90–5585.**

United States Court of Appeals,
Eleventh Circuit.

Jan. 21, 1992.

---

Kathy Hamilton, Coconut Grove, Fla., for defendant-appellant.

Dexter W. Lehtinen, U.S. Atty., William M. Pearson, Anne M. Hayes, Linda C. Hertz, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before COX, Circuit Judge, DYER and FRIEDMAN *, Senior Circuit Judges.

FRIEDMAN, Senior Circuit Judge:

The sole question in this appeal is whether the United States District Court for the Southern District of Florida erroneously refused to make downward adjustments in the petitioner's sentence, following her guilty plea to conspiracy to import cocaine, to reflect (1) her allegedly minor role in the conspiracy and (2) her four young children. We hold that the district court properly refused to make those downward adjustments, and therefore affirm.

## I.

Upon their arrival at Miami International Airport from Haiti, the appellant Cacho and three other women with whom she had travelled, each had a package containing more than 1100 grams of cocaine tied to her inner thigh. All four women were present when the cocaine was strapped to each woman's thigh in Haiti. The four women had flown on the same flight on the same day from Miami to Haiti and from Haiti to Miami, and had sat together on the latter flight.

Following the indictment of the four women on charges of conspiring to import cocaine (Count I), importing cocaine (Count II), and possessing cocaine with intent to distribute it (Count III), Cacho entered into a plea agreement under which she pleaded guilty to the conspiracy charge and the two other counts were dismissed. Under the Sentencing Guidelines, she was sentenced to 78 months imprisonment, which was at the bottom of the Sentencing Guidelines range of 78 to 97 months, followed by four years of supervised release. The district court refused a downward departure from the Guidelines to reflect (1) her allegedly minor role in the offense and (2) her four young children, for whose care during her incarceration she had arranged.

## II.

Cacho contends that she should have received a downward adjustment in her sentence because she was merely a courier or "mule," and as such had only a minor role in the conspiracy. The district court correctly rejected this contention.

The Guidelines provide for a four-level downward adjustment in the offense level if the defendant was a "minimal participant" in the criminal activity, and a two-level downward departure if the defendant was a "minor participant" in the activity. U.S.S.G. § 3B1.2. The application notes to the commentary to this section state that the downward "adjustment for a minimal participant will be used infrequently. It would be appropriate, for example, for someone who played no other role in a very large drug smuggling operation than to offload part of a single marihuana shipment, or in a case where an individual was recruited as a courier for a single smuggling transaction involving a small amount of drugs." *Id.*, application note 2. Application note 3 states that "a minor participant means any participant who is less

---

* Honorable Daniel M. Friedman, Senior U.S. Circuit Judge for the Federal Circuit, sitting by designation.

culpable than most other participants, but whose role could not be described as minimal."

■ The record fully supports the district court's finding that there was "no basis for making a determination that any one of them was either a minor or minimal participant ..." Cacho knew that all four women were attempting to bring into the United States a substantial amount of cocaine. She travelled together with the other three and all were obvious participants in a plan to smuggle a substantial amount of drugs. Contrary to Cacho's contention, the fact that the cocaine she had was slightly less in amount and of a lower degree of purity than the drugs carried by the other conspirators did not make her the least culpable of them. All were equally culpable. Although she was a courier who carried the drugs into the United States, that fact alone does not establish that she was either a minimal or a minor participant in the conspiracy. *United States v. Smith*, 918 F.2d 1551, 1564 (11th Cir.1990); *United States v. Gallegos*, 868 F.2d 711, 713 (5th Cir.1989) (citing *United States v. Buenrostro*, 868 F.2d 135, 138–39 (5th Cir.1989), *cert. denied*, — U.S. —, 110 S.Ct. 1957, 109 L.Ed.2d 319 (1990)).

## III.

■ Cacho also argues that the district court should have made a downward departure from the Guidelines to reflect her status as the mother of four small children. She contends that in denying such a downward departure, the district court acted on the erroneous belief that it had no authority under the Guidelines to take such action. In *United States v. Fossett*, 881 F.2d 976, 979 (11th Cir.1989), we ruled that although a defendant cannot appeal "a sentencing judge's refusal to make a downward departure from the guideline sentencing range," a contention that the district court "did not believe it had the statutory authority to depart" is "cognizable ... on appeal."

In denying the downward departure based upon Cacho's four children, the district court stated:

Prior to the time that the Congress of the United States adopted the Sentencing Reform Act of 1984 and prior to the time that the Sentencing Guidelines came into effect, this Court had the discretion to consider some of the equitable considerations that you have just alluded to. That has been taken away from the Court, rightly or wrongly. It's not for me to say, because the Congress of the United States has the authority. It has the right to determine sentences, and by appointing the Sentencing Commission and adopting the guidelines, the Congress has left the Court very little discretion and the Court is required to apply the guidelines.

I cannot find and do not find that 18 U.S.C. Section 3553(b) would apply here or would authorize the Court to depart below the guidelines. That's not what the intent of the Congress was. It's debatable, and anyone can debate the right or the wrong of it, but I can't question it. That's the law, and I have to apply it.

Although the statement could have been clearer, we do not read it as reflecting the view that the court had no statutory authority to depart downward from the Guidelines. Rather, we think the court was stating only that under the Guidelines, Cacho's family situation did not warrant a downward departure.

"A sentencing court may impose a sentence outside the applicable guideline only if 'the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines....' 18 U.S.C. § 3553(b) (West Supp.1989)." *United States v. Gonzalez–Lopez*, 911 F.2d 542, 549 (11th Cir.1990), *cert. denied*, — U.S. —, 111 S.Ct. 2056, 114 L.Ed.2d 461 (1991). In accordance with the directives in the statute creating the Sentencing Commission that the Guidelines should take "family ties and responsibilities" "into account only to the extent that they do have relevance" (28 U.S.C. § 994(d)(7) (1988)) and should "reflect the general inappropriateness of considering the ... family ties

... of the defendant," (*id.* at § 994(e)), the Commission included in the Guidelines in force at the time of Cacho's sentencing the following policy statement about "family ties and responsibilities":

Family ties and responsibilities and community ties are not ordinarily relevant in determining whether a sentence should be outside the guidelines. Family responsibilities that are complied with are relevant in determining whether to impose restitution and fines. Where the guidelines provide probation as an option, these factors may be relevant in this determination. If a defendant is sentenced to probation or supervised release, family ties and responsibilities that are met may be relevant in the determination of the length and conditions of supervision.

U.S.S.G. § 5H1.6.

The Commission thus fully considered whether family ties and responsibilities should be considered in determining "whether a sentence should be outside the guidelines" and concluded that they are not "ordinarily relevant." The three exceptions noted to this principle, involving restitution and fines, probation and supervised release, do not apply to this case.

■ Although this court has not previously dealt with the issue, the Fourth, Sixth and Eighth Circuits have held that, unless there are unique or extraordinary circumstances, a downward departure from the Guidelines, based on the defendant's parental responsibilities, is improper. *United States v. Goff,* 907 F.2d 1441, 1446 (4th Cir.1990) (district court's downward departure because defendant had three children who would be left with defendant's mother was improper because "[t]here is nothing extraordinary about Goff's family responsibilities"); *United States v. Brand,* 907 F.2d 31, 33 (4th Cir.), *cert. denied,* — U.S. —, 111 S.Ct. 585, 112 L.Ed.2d 590 (1990) (district court's downward departure because defendant was sole custodial parent of two children was improper); *United States v. Brewer,* 899 F.2d 503, 508–09 (6th Cir.), *cert. denied,* — U.S. —, 111 S.Ct. 127, 112 L.Ed.2d 95 (1990) (district court's downward departure based, in part, on defendants' status as a mother of small children was improper). *United States v. Johnson,* 908 F.2d 396, 398–99 (8th Cir.1990) (defendant's status as single mother of infant did not justify downward departure).

We agree with those decisions and hold that unless there are extraordinary circumstances, a district court may not depart downwardly outside the Guidelines to reflect a defendant's parental situation.

Here Cacho "has shown nothing more than that which innumerable defendants could no doubt establish: namely, that the imposition of prison sentences normally disrupts ... parental relationships." *United States v. Daly,* 883 F.2d 313, 319 (4th Cir. 1989), *cert. denied,* — U.S. —, 110 S.Ct. 2622, 110 L.Ed.2d 643 (1990). The district court properly refused a downward departure because of Cacho's four small children.

The judgment of the district court is AFFIRMED.