United States Court of Appeals,

Eleventh Circuit.

No. 95-6120.

UNITED STATES of America, Plaintiff-Appellant,

v.

Sheila Pickett ALLEN, Defendant-Appellee.

July 11, 1996.

Appeal from the United States District Court for the Northern District of Alabama. (No. CR-94-H-316-S), James Hughes Hancock, Judge.

Before TJOFLAT, Chief Judge, COX, Circuit Judge, and WELLFORD[*], Senior Circuit Judge.

WELLFORD, Senior Circuit Judge:

While working in the installment loan department at First Alabama Bank from 1987 to 1992, defendant Sheila Pickett Allen diverted approximately $138,000 of the bank's money into her own accounts.[1]  Allen admits that, when confronted by bank officials, she initially denied any wrongdoing and later lied about the extent of her illegal activities.  Allen eventually pleaded guilty to one count of bank fraud in violation of 18 U.S.C. § 1344.

At sentencing, the district court found that the Guidelines called for a term of imprisonment ranging from twelve to eighteen months, but decided to depart downward under U.S.S.G. § 5K2.0 on the basis of Allen's family responsibilities.  The Presentence Report indicates that Allen is the primary caretaker of her

[*]Honorable Harry W. Wellford, Senior U.S. Circuit Judge for the Sixth Circuit Court of Appeals, sitting by designation.

[1]A large portion of the embezzled funds came from an account held by a church.

seventy-year-old father, who suffers from both Alzheimer's and Parkinson's diseases. Departing five offense levels, the district court ultimately sentenced Allen to *one hour* of imprisonment, to be followed by thirty-six months of supervised release, and declined to order any restitution or fine. The government's timely appeal followed.

A court must impose a sentence within the Guidelines range "unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b). The Sentencing Commission has fully considered family circumstances and concluded that they will not ordinarily support a downward departure. *See* U.S.S.G. § 5H1.6. Thus, district courts may depart on such grounds only in "extraordinary" cases. *United States v. Mogel,* 956 F.2d 1555, 1565 (11th Cir.), *cert. denied,* 506 U.S. 857, 113 S.Ct. 167, 121 L.Ed.2d 115 (1992); *United States v. Cacho,* 951 F.2d 308, 311 (11th Cir.1992).

In our view, Allen's family responsibilities, though difficult, are not extraordinary. *See Mogel,* 956 F.2d at 1565 (holding downward departure inappropriate where defendant had "two minor children to support, and a mother that lives with [her]"); *Cacho,* 951 F.2d at 311 (holding downward departure not warranted where defendant had four small children); *United States v. Brand,* 907 F.2d 31, 33 (4th Cir.) (reversing downward departure based on the fact that defendant was sole custodial parent of two young

children), *cert. denied,* 498 U.S. 1014, 111 S.Ct. 585, 112 L.Ed.2d 590 (1990); *United States v. Brewer,* 899 F.2d 503, 508-09 (6th Cir.) (reversing downward departure based, in part, on the fact that defendant was mother of small children), *cert. denied,* 498 U.S. 844, 111 S.Ct. 127, 112 L.Ed.2d 95 (1990); *United States v. Goff,* 907 F.2d 1441, 1446 (4th Cir.1990) (finding nothing extraordinary about defendant with three children under the age of seven). Although the authority cited involves defendants with small children, we see no reason to treat a defendant who is the primary caretaker of an infirmed parent any differently. Thus, we conclude that Allen " "has shown nothing more than that which innumerable defendants could no doubt establish: namely, that the imposition of prison sentences normally disrupts [familial] relationships.' " *Cacho,* 951 F.2d at 311 (quoting *United States v. Daly,* 883 F.2d 313, 319 (4th Cir.1989), *cert. denied,* 496 U.S. 927, 110 S.Ct. 2622, 110 L.Ed.2d 643 (1990)); *accord United States v. Shortt,* 919 F.2d 1325, 1328 (8th Cir.1990) (stating that family responsibilities will not ordinarily support a downward departure, because "[a]ll families suffer when one of their members goes to prison").[2]

Relying on *United States v. Rivera,* 994 F.2d 942, 950 (1st Cir.1993), Allen argues that we should defer to the district court's judgment as to whether her family responsibilities are extraordinary. We disagree. While *Rivera* admonishes appellate

---

[2]We note that Allen is not the only family member available to care for her father. The Presentence Report indicates that Allen's husband and adult son presently take care of her father to some extent, and that Allen has a brother and another adult child living nearby.

courts to review departure decisions with due regard for the district court's "superior feel for the case," it does not require that lower courts be given free reign to decide the propriety of departing in given cases; such unfettered discretion would lead to return of the sentencing disparity that prompted Congress to adopt the Guidelines in the first place.

Allen also cites *United States v. Haversat,* 22 F.3d 790 (8th Cir.1994), in support of her argument. In that case, the five-level downward departure was held to be unreasonable and some period of confinement was required. (The court noted also the district court's disdain for the guidelines.) *See Williams v. United States,* 503 U.S. 193, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992).

For the reasons stated above, we VACATE the district court's sentencing judgment and REMAND this case for resentencing in accordance with this opinion.