# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2078
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Southern |
| | * | District of Iowa. |
| David Allan Peterson, | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

_____

Submitted: November 7, 2003

Filed: December 15, 2003

_____

Before WOLLMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, the government challenges the sentence the district court imposed after David Peterson pleaded guilty to receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2); and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). At sentencing, the court departed downward from a total offense level of 30 to an offense level of 10 based on Peterson's family responsibilities, his "background and naive status," and the fact that Peterson would not likely reoffend. The court then sentenced Peterson to 3 years probation with the condition that he serve 6 months in home confinement.

On appeal, the government argues that the district court erred in granting a downward departure and that the court abused its discretion in granting a 20-offense-level reduction.

After careful de novo review of the record, we conclude that the district court erred in granting Mr. Peterson a downward departure. See PROTECT Act, Pub. L. No. 108-21, § 401(d), 117 Stat. 650, 670 (2003) (standard of review); United States v. Gonzales-Ortega, No. 02-4133, 2003 WL 22319271 (8th Cir. Oct. 10, 2003) (PROTECT Act standard of review applies to defendant's pending appeal even though defendant was sentenced before Act became law). First, the district court erred in relying on the low likelihood that Mr. Peterson would reoffend as a basis for departure. Cf. United States v. Wong, 127 F.3d 725, 728 (8th Cir. 1997) (whether length of sentence imposed by Guidelines was necessary to prevent future criminal activity was factor already taken into account by Guidelines, and thus district court's belief that length of sentence was unnecessary could not justify departure from Guidelines range). The district court also erred in granting Mr. Peterson a downward departure based on family responsibility and susceptibility to abuse in prison because the departure was not justified by the facts of this case. See U.S.S.G. § 5H1.6 (family ties and responsibilities are not ordinarily relevant in determining whether sentence should be outside applicable Guidelines range); cf. United States v. Pereira, 272 F.3d 76, 80-83 (1st Cir. 2001) (district court must find that defendant is irreplaceable before granting downward departure under Guidelines based on discouraged factor of family obligations); United States v. Drew, 131 F.3d 1269, 1271 (8th Cir. 1997) (naive defendant's alleged vulnerability to abuse in prison, based on his status as child pornographer, did not support downward departure from Guidelines, given defendant's average size and good health); United States v. Allen, 87 F.3d 1224, 1225-26 (11th Cir. 1996) (5-level downward departure was not warranted where defendant was primary caretaker of parent with Alzheimer's and Parkinson's diseases; defendant established nothing more than that imposition of prison sentences

normally disrupts family relationships); <u>United States v. Maddox</u>, 48 F.3d 791, 797-98 n.10 (4th Cir. 1995) (that defendant was found to be easily led, susceptible to misuse by others, and meek and cautious in demeanor, and that he possessed borderline intelligence and suffered from dependent personality disorder, did not justify downward departure from Sentencing Guidelines on theory of extreme vulnerability to victimization in prison).

Accordingly, we reverse and remand for resentencing.

_____