[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16410
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 22, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 06-00033-CR-FTM-33-SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OLIVER DEVAUN O'SULLIVAN,
a.k.a. Devin Smith,
a.k.a. Devin Sullivan,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 22, 2010)

Before CARNES, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Oliver Devaun O'Sullivan appeals his conviction and 70-month sentence for possession, and aiding and abetting possession, of between 100 and 1,000 kilograms of marijuana, with intent to distribute, in violation of 21 U.S.C. §§ 841(a), (b)(1)(B)(vii). O'Sullivan was found guilty after a jury trial and now challenges (1) the sufficiency of the evidence to support the conviction, (2) the jury instruction that included a deliberate ignorance charge, (3) the admission of alleged hearsay evidence, (4) the admission of evidence about a conspiracy, even though he was acquitted of the conspiracy charge in an earlier trial, (5) the denial of a minor role adjustment to his sentence, and (6) the denial of safety valve relief. After careful review, we affirm.

## I.

O'Sullivan contends that the evidence was insufficient to support a conviction for knowing and willful possession and aiding and abetting possession with the intent to distribute the marijuana. Specifically, he asserts that he never saw or was told that his rental truck was being loaded with marijuana or that anything illegal was occurring. He argues that he customarily rents trucks "off the books," that he was evasive after arrest only because his driver's license had been suspended, and that his telephone calls with others involved in the crime were solely to get directions to the storage facility.

2

"We review the sufficiency of evidence to support a conviction de novo, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict." United States v. Taylor, 480 F.3d 1025, 1026 (11th Cir. 2007). "We will uphold a district court's denial of a motion for a judgment of acquittal if a reasonable trier of fact could conclude the evidence established the defendant's guilt beyond a reasonable doubt." Id.

To convict someone for possession with intent to distribute marijuana, the government must prove beyond a reasonable doubt that the defendant knowingly possessed the marijuana, either actually or constructively, and that he intended to distribute it. United States v. Cruz-Valdez, 773 F.2d 1541, 1544 (11th Cir. 1985); 21 U.S.C. § 841(a)(1). Under an aiding and abetting theory, the government must show that: (1) the substantive offense was committed by someone; (2) that the defendant committed an act which contributed to and furthered this offense, and (3) that the defendant intended to aid the commission of the offense. See United States v. Arias-Izquierdo, 449 F.3d 1168, 1176 (11th Cir. 2006). Mere presence is insufficient to convict a defendant under an aiding an abetting theory. United States v. Diaz-Boyzo, 432 F.3d 1264, 1269 (11th Cir. 2005). However, essential evidence of aiding and abetting a crime can be proved by circumstantial as well as

3

direct evidence. United States v. Smith, 700 F.2d 627, 632–33 (11th Cir. 1983).

Because O'Sullivan does not dispute that he was in possession of the rental truck, which contained more than 100 kilograms of marijuana, his argument is limited to whether sufficient evidence established that he was a knowing or willful participant in the crime. Viewing the evidence in the light most favorable to the government, Taylor, 480 F.3d at 1026, there is ample evidence, direct and circumstantial, in support of a conviction for aiding and abetting possession with the intent to distribute marijuana. First, O'Sullivan arrived at the designated location with a truck that he rented "under the table," backed up the truck to the correct storage unit, and handed Agent Paul Mangone a lock. Second, the jury reasonably could have believed that the other participants would not have entrusted O'Sullivan with the sole possession of $800,000 worth of marijuana without his knowledge. See United States v. Quilca-Carpio, 118 F.3d 719, 721–22 (11th Cir. 1997) ("A reasonable jury could infer from the quantity of drugs seized that a 'prudent smuggler' is not likely to entrust such valuable cargo to an innocent person without that person's knowledge."). Third, O'Sullivan's post-arrest conduct of concealment and evasiveness, including his giving a false name and swallowing a piece of paper, shows that he knew of his guilt.

O'Sullivan offers alternative explanations for his conduct, but the evidence

4

need not "exclude every reasonable hypothesis of innocence" as long as "a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." United States v. McDowell, 250 F.3d 1354, 1365 (11th Cir. 2001). A jury reasonably could infer from all of that evidence that O'Sullivan was a willful and knowing participant in the crime. Sufficient evidence established that O'Sullivan aided and abetted possession with intent to distribute marijuana because he intentionally provided a delivery service to those who were committing the substantive offense. See Arias-Izquierdo, 449 F.3d at 1176.

## II.

O'Sullivan contends that the government's deliberate ignorance argument and the court's corresponding jury instruction impermissibly lowered the burden of proof to a negligence standard. He asserts that the instruction should not have been given because no evidence showed that he purposefully avoided learning that he was transporting marijuana.

As we have held before, "We need not decide whether the evidence justified the deliberate ignorance instruction, because our decision in United States v. Stone, 9 F.3d 934 (11th Cir. 1993), says that it does not matter." United States v. Kennard, 472 F.3d 851, 858 (11th Cir. 2006). It does not matter because the error of giving a deliberate ignorance instruction with no basis in the evidence will

5

always be harmless.  Id.; Stone, 9 F.3d at 937–38.  We reject O'Sullivan's argument that the instruction effectively allowed the jury to convict him for negligence.  The instruction specifically cautioned the jury that it could not do so, that more than negligence was required.

### III.

O'Sullivan contends that the district court abused its discretion by admitting into evidence certain statements by Valdoria Riddick, another participant in the marijuana distribution scheme, because they were inadmissible hearsay, and their admission violated the Confrontation Clause.  Specifically, O'Sullivan challenges a recording from February 17, 2006 of Riddick asking Agent Paul Mangone the question, "Can I tell my buddy and get him to come?" and Agent Mangone's testimony that Riddick stated that his "buddy" had arrived at the location for the marijuana transfer.  O'Sullivan argues that these out-of-court statements refer to him and that their admission into evidence deprived him of his right to confront Riddick, in violation of the Sixth Amendment.[1]

We review a district court's evidentiary rulings only for abuse of discretion.

---

[1] O'Sullivan also argues that admission of the evidence of Riddick's statements constitutes Bruton error.  See United States v. Bruton, 391 U.S. 123, 88 S. Ct. 1620 (1968).  In a joint trial, the admission of a codefendant's extrajudicial confession that implicates the accused violates the accused's right to cross-examination under the Confrontation Clause.  Id. at 126, 88 S.Ct. at 1622.  However, O'Sullivan's Bruton argument is misplaced because Riddick was not O'Sullivan's codefendant in a joint trial.  See Cargill v. Turpin, 120 F.3d 1366, 1374 n.16 (11th Cir. 1997) (distinguishing Bruton on those grounds).

United States v. Perez-Oliveros, 479 F.3d 779, 783 (11th Cir. 2007). However, we review de novo questions of constitutional law. United States v. Brown, 364 F.3d 1266, 1268 (11th Cir. 2004).

The statements were not hearsay because they merely gave context to Agent Paul Mangone's investigatory actions and were not offered to prove the truth of the matter asserted. See, e.g., Cargill v. Turpin, 120 F.3d 1366, 1373 (11th Cir. 1997) (statements not offered for their truth cannot be hearsay). The district court specifically instructed the jury that the statements were being offered only to help the jury understand the logical sequence of events. That instruction limited any prejudicial impact, and we presume that the jury followed it. Stone, 9 F.3d at 940. Further, "this Circuit has long recognized that statements by out of court witnesses to law enforcement officials may be admitted as non-hearsay if they are relevant to explain the course of the officials' subsequent investigative actions and the probative value of the evidence's non-hearsay purpose is not substantially outweighed by the danger of unfair prejudice caused by the impermissible hearsay use of the statement." United States v. Jiminez, 564 F.3d 1280, 1288 (11th Cir. 2009) (quotation marks, alteration, and citation omitted). Despite O'Sullivan arguments to the contrary, Agent Paul Mangone's actions over the course of the entire day were "investigative" under Jiminez, because they were all part of his

undercover investigation leading to the arrest of O'Sullivan and the other participants. The district court was within its discretion to conclude that the evidence was admissible.

Because the statements were not inadmissable hearsay, their introduction at trial did not violate O'Sullivan's rights under the Confrontation Clause. "There can be no doubt that the Confrontation Clause prohibits <u>only</u> statements that constitute impermissible hearsay." <u>Jiminez</u>, 564 F.3d at 1288 (citing <u>Crawford v. Washington</u>, 541 U.S. 36, 59 n.9, 124 S. Ct. 1354, 1369 n.9 (2004)).

**IV.**

O'Sullivan contends that the district court abused its discretion by admitting evidence at trial of a conspiracy from which he had been acquitted, because such evidence was irrelevant and its prejudicial impact outweighed its probative value. We review evidentiary rulings only for abuse of discretion. <u>United States v. Baker</u>, 432 F.3d 1189, 1202 (11th Cir. 2005). "Even if an abuse of discretion is shown, nonconstitutional evidentiary errors are not grounds for reversal absent a reasonable likelihood that the defendant's substantial rights were affected." <u>United States v. Malol</u>, 476 F.3d 1283, 1291 (11th Cir. 2007) (quotation marks and citation omitted).

Federal Rule of Evidence 403 permits the exclusion of evidence if the

probative value of that evidence "is substantially outweighed by the danger of unfair prejudice." Because it "permits a trial court to exclude concededly probative evidence, Rule 403 is an extraordinary remedy which should be used sparingly." United States v. King, 713 F.2d 627, 631 (11th Cir. 1983). In a criminal trial relevant evidence is inherently prejudicial; therefore, Rule 403 only permits the exclusion of probative evidence when "unfair prejudice substantially outweighs probative value." Id.

Although the trial evidence regarding a conspiracy not involving O'Sullivan was prejudicial, it was also probative because it was necessary to complete the story of the crime and give the jury a context for understanding O'Sullivan's charged offense. Limiting the evidence to what happened on February 17, 2006 would have left the jury to speculate why 800 pounds of marijuana were being transported in an isolated occurrence and how the investigation got to the point of the arrests made that day. The district court's determination that the prejudicial impact of the evidence at issue did not substantially outweigh its probative value was not an abuse of discretion. See id.

## V.

O'Sullivan contends that, because he was "merely a transporter" of the marijuana, the district court erred by not granting him a minor role adjustment

pursuant to § 3B1.2(b) of the Sentencing Guidelines. A minor participant is any participant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2(b), comment. (n.5). We review a district court's minor role determination only for clear error. United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). O'Sullivan bears the burden of proving his minor role by the preponderance of the evidence. Id. at 939.

In De Varon, we outlined two principles that guide the determination of whether a minor role sentence reduction is warranted. De Varon, 175 F.3d at 940–44. First, the district court should evaluate the defendant's role in the relevant conduct for which he has been held accountable at sentencing. Id. at 940. Second, the district court may compare the defendant's culpability to that of other participants in the relevant conduct. Id. at 944. The conduct of participants in any larger criminal conspiracy for which the defendant is not charged is irrelevant to that analysis. Id. The pertinent issue is whether the defendant was substantially less culpable than his co-conspirators. United States v. Cacho, 951 F.2d 308, 309–10 (11th Cir. 1992). When considering the transportation of drugs, the amount of drugs in a courier's possession is a material factor in assessing the courier's level of participation. De Varon, 175 F.3d at 943.

The record demonstrates that the district court did not commit clear error.

10

O'Sullivan might have been entitled to a minor role reduction if he had been convicted of participating in the larger drug smuggling conspiracy, but he was acquitted of that charge. The district court correctly limited its inquiry to O'Sullivan's role in the possession and distribution of the 800 pounds of marijuana he possessed on February 17, 2006—the only crime he was held responsible for at sentencing. See id. at 944. O'Sullivan was not a minor participant in that offense. He was active in communication with Riddick's driver through phone calls on the day of the arrest, present when the drugs were being loaded into the truck, and was to bear the responsibility of sole possession of the marijuana during its transport. That active role, as well as the large drug amount involved, support the district court's finding that he was not a minor participant. See id. at 943.

## VI.

Finally, O'Sullivan contends that the district court clearly erred by not granting him safety-valve relief. The safety-valve provision of U.S.S.G. § 5C1.2(a) enables sentencing without regard to the statutory minimum for certain offenses if five requirements are met. See United States v. Milkintas, 470 F.3d 1339, 1344 (11th Cir. 2006). The burden is on the defendant to show that he meets all the criteria. United States v. Johnson, 375 F.3d 1300, 1302 (11th Cir. 2004). The fifth requirement, and the only one at issue here, is that the defendant "has

11

truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(a)(5). A district court cannot apply the safety valve if it determines the defendant "withheld or misrepresented information." United States v. Figueroa, 199 F.3d 1281, 1282–83 (11th Cir. 2000).

We review the district court's factual determinations and subsequent denial of safety-valve relief only for clear error. United States v. Cruz, 106 F.3d 1553, 1557 (11th Cir. 1997). We cannot find clear error unless the record leaves us "with the definite and firm conviction that a mistake has been committed." United States v. White, 335 F.3d 1314, 1319 (11th Cir. 2003).

O'Sullivan argues that a defendant may qualify for safety-valve relief and maintain his innocence at the same time. We need not decide that issue because the district court did not clearly err in finding that O'Sullivan failed to qualify for relief. Agent Kathryn Mangone testified that when O'Sullivan met with her, he gave information inconsistent with the investigation, such as naming someone named "Mikey" as arranging the delivery and claiming that "Patrick" was a fictional person. She testified at sentencing that she did not believe that O'Sullivan was truthful during their meeting, and the district court was entitled to find Agent

Kathryn Mangone more credible than O'Sullivan. The district court did not clearly err by denying O'Sullivan safety valve relief. See <u>Milkintas</u>, 470 F.3d at 45.

Upon review of the record and consideration of the parties' briefs, we affirm the district court's decision in all respects.

**AFFIRMED.**