[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10322
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 3, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-00013-WSD-RGV-2


UNITED STATES OF AMERICA,

                                                    Plaintiff-Appellee,

versus

IRVIN MONJE-MALDONADO,

                                                    Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 3, 2012)


Before HULL, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Irvin Monje-Maldonado ("Monje") appeals his total 130-month sentence for conspiring to manufacture, distribute, and possess with the intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One) and possession with the intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) (Count Two). On appeal, Monje argues that: (i) the district court erred in refusing to apply a two-level reduction under U.S.S.G. § 3B1.2 for his allegedly minor role in the offense; and (ii) his below-range total sentence was substantively unreasonable.

A district court's determination of whether a defendant qualifies for a mitigating role adjustment under the guidelines is a finding of fact that will be reviewed only for clear error. *United States v. De Varon*, 175 F.3d 930, 934 (11th Cir. 1999) (*en banc*). The district court has considerable discretion in making this fact-intensive determination. *Id.* at 946. The defendant bears the burden of establishing his role by a preponderance of the evidence. *Id.* at 934. Counsel's allegations alone are insufficient to resolve a disputed sentencing issue. *See United States v. Kapelushnik*, 306 F.3d 1090, 1095 (11th Cir. 2002) (holding that counsel's allegations were an insufficient basis on which to grant a departure under U.S.S.G. § 5K2.0).

The guidelines provide for a two-level reduction if the defendant was a

minor participant. U.S.S.G. § 3B1.2(a), (b). A minor participant is one who is less culpable than most other participants, but whose role could not be described as minimal. *Id.* (n.5).

In determining a defendant's role, the district court must first measure the defendant's role in relation to the relevant conduct attributed to him in calculating his base offense level. *De Varon*, 175 F.3d at 941. When the relevant conduct attributed to a defendant is identical to his actual conduct, the defendant cannot prove entitlement to a mitigating role adjustment simply by pointing to some broader criminal scheme for which he was not held accountable. *Id.*

Although the first part of the analysis may be dispositive in determining the defendant's role, a court may also measure the defendant's culpability in comparison to that of other participants in the relevant conduct attributed to the defendant. *Id.* at 944-45. When doing so, a district court may consider only those participants who are identifiable by the evidence and who were involved in the relevant conduct for which the defendant was convicted. *Id.* at 944. The fact that a defendant's role may be less than that of others engaged in the relevant conduct may not be dispositive, since it is possible that none are minimal or minor participants. *Id.* The district court must determine that the defendant "was less culpable than *most other participants*" in his relevant conduct. *Id.* (emphasis in

3

original); *see also United States v. Cacho*, 951 F.2d 308, 309-10 (11th Cir. 1992) (concluding that the district court properly refused to grant a minor role adjustment where the defendant traveled with his co-conspirators, was present when his co-conspirators had drugs strapped to their bodies, and knew that they were all part of a plan to bring drugs into the United States).

We review the reasonableness of a sentence under a deferential abuse of discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445, 451-52 (2007). The district court is required to impose a sentence sufficient, but not greater than necessary, to comply with the purposes listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a)(2).

The party challenging the sentence has the burden of establishing that it is unreasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). Although we do not automatically presume a sentence within the guideline range is reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). A sentence imposed well below the statutory maximum is another indicator of a reasonable sentence. *See*

4

*United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Upon review of the record and consideration of the parties' briefs, we affirm.

The district court was correct in refusing to grant Monje's request for a minor role reduction where he admitted to transporting a much larger amount than he was charged with, and the amount attributed to him was very large. Under the second *De Varon* prong, as the district court noted, Monje played an integral role in the conspiracy, especially considering the large amount of drugs he transported and the drugs would have gone nowhere without his role being fulfilled. Additionally, Monje's total sentence met the goals encompassed within § 3553(a). It was undisputed that Monje transported large amounts of methamphetamine, and the district court specifically took into account Monje's age and other characteristics when determining an appropriate sentence. In light of these circumstances, Monje has not shown that his total 130-month sentence was unreasonable. Accordingly, we affirm.

**AFFIRMED.**