[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10198
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-00297-WSD-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM MCDONAL-ALEJO,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 15, 2015)

Before MARCUS, WILLIAM PRYOR, and JORDAN, Circuit Judges.

PER CURIAM:

William McDonal-Alejo appeals his 168-month sentence for conspiracy to possess methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1),(b)(1)(C), 846. Mr. McDonal-Alejo argues that the district court committed clear error when it did not apply a minor participant downward adjustment pursuant to U.S.S.G. § 3B.2(b) of the advisory Sentencing Guidelines. After reviewing the parties' briefs and the record, we affirm Mr. McDonal-Alejo's sentence.

## I

On May 14, 2013, as a result of a wider investigation into drug trafficking activities originating in Mexico and operating in Georgia, authorities arrested Mr. McDonal-Alejo shortly after he delivered four kilograms of crystal methamphetamine. After authorities read him his *Miranda* rights, Mr. McDonal-Alejo stated that there were additional quantities of methamphetamines at other locations. Law enforcement officers subsequently recovered a total of 27.7 kilograms of methamphetamines from those locations. Mr. McDonal-Alejo also admitted to making several drug deliveries for his boss, David Romero-Nieto. Mr. McDonal-Alejo claimed he neither directed nor controlled the drug-trafficking activities.

Pursuant to a plea agreement, Mr. McDonal Alejo pled guilty to one count of conspiracy to knowingly possess a Schedule II controlled substance with intent to

distribute, in violation of 18 U.S.C. §§ 841(a)(1),(b)(1)(C), 846. The presentence investigation report calculated the base offense level at 38 and recommended a two-level enhancement because a firearm was uncovered in one of the locations where the drugs were found, *see* U.S.S.G. § 2D1.1(c)(1), and an additional two-level enhancement for maintaining a premises with the purpose of manufacturing or distributing a controlled substance, *see* U.S.S.G. § 2D1.1(b)(12). The report also recommended a three-level downward adjustment because Mr. McDonal-Alejo accepted responsibility and timely notified authorities of his intention to plead guilty. *See* U.S.S.G. § 3E1.1(a). Based on a criminal history category I and an adjusted offense level of 35, the resulting advisory guideline range was 168-210 months.

In his sentencing memorandum, Mr. McDonal-Alejo objected to the probation officer's failure to apply a minor role reduction for the offense under U.S.S.G. § 3B1.2. He argued that his role in the operation was that of a courier or lackey for Mr. Romero-Nieto, and he was thus entitled to a two-level minor role reduction. At the sentencing hearing on January 7, 2015, the district court addressed Mr. McDonal-Alejo's request for a minor role reduction.

The district court acknowledged that "Mr. McDonal-Alejo's principal responsibility was, once there, to deliver [the drugs] to places that they were supposed to be delivered," but that "he still also had the responsibility of making

3

sure that the stash houses were not known to people and were protected and, as he went in and out, that he didn't disclose the purpose for which he was doing that." The district court concluded that Mr. McDonal-Alejo had a "logistical role . . . in the organization," but it was "certainly a more substantial role than the people that were actually receiving the drugs that he was delivering downstream as they were then cut up and sold to individual people, but it's not really a lot different than Mr. Romero-Nieto as compared to the stash house locations and the storage and ultimate distribution that arose out of it." The district court observed that "the role that was being played by [Mr. McDonal-Alejo] was really more meaningful than the role even of people delivering material," because he "had a logistical responsibility and a distribution responsibility."

The district court recognized that if anyone was different in the organization it would be Mr. Romero-Nieto, as he appeared to be "more of an organizer or a manager or a supervisor or leader" and he had "the more supervisory function, in a way, [Mr. McDonal-Alejo] was working for him." The district court concluded, however, that this did "[not] mean that [Mr. McDonal-Alejo's] role in this was minimal," but rather that Mr. Romero-Nieto would probably receive an enhancement for directing the activities of others. The district court, therefore, sentenced Mr. McDonal-Alejo to 168 months' imprisonment, the lower end of the advisory guideline range.

4

On appeal, Mr. McDonal-Alejo argues that the district court erred in not applying a minor participant downward adjustment to calculate his offense level, because his role was that of a courier and he was significantly low in the drug pyramid. His involvement, he argues, was limited in scope compared to Mr. Romero-Nieto, who received 218 months' imprisonment and another individual Alejandro Gomez-Martinez, who supplied the drugs, and received 120 months' imprisonment. He also argues that the relevant conduct the district court should have considered for the downward adjustment was only his conduct and not the other activity that occurred in the drug scheme.

## II

We review a district court's determination of whether a defendant qualifies for a minor role adjustment for clear error. *See United States v. Rodriguez De Varon*, 175 F.3d 930, 938 (11th Cir. 1999) (en banc). A defendant has the burden of establishing by a preponderance of the evidence that he qualifies for the reduction. *See United States v. Alvarez-Coria*, 447 F.3d 1340, 1343 (11th Cir. 2006). Under the advisory Sentencing Guidelines, a defendant may receive a two-level offense level reduction if he is a minor participant in any criminal activity because he "is less culpable than most other participants, but [his] role could not be described as minimal." U.S.S.G. § 3B1.2(b) cmt. 5.

To determine whether a defendant qualifies for a minor role reduction, the district court should (1) compare the defendant's role in the offense with the relevant conduct attributed to him in calculating his base offense level; and (2) compare the defendant's conduct to that of the other participants involved in the offense. *See Alvarez-Coria*, 447 F.3d at 1343. "[W]hen the relevant conduct attributed to a defendant is identical to his actual conduct, he cannot prove that he is entitled to a minor-role adjustment simply by pointing to some broader scheme for which he was not held accountable." *Id. See also Rodriguez De Varon*, 175 F.3d at 941–42; *United States v. Stanley*, 739 F.3d 633, 654 (11th Cir. 2014) ("Only if the defendant can establish that he played a relatively minor role in the conduct for which he was already been held accountable—a minor role in any larger criminal conspiracy—should the district court grant a downward adjustment for minor role in the offense.") (internal quotation marks and citation omitted).

Mr. McDonal-Alejo pled guilty to conspiracy to possess methamphetamine with intent to distribute. He participated in the distribution of the drugs to two stash houses, protected the stash houses, tracked the distribution of the drugs in a ledger, and kept the operation secret. He, at some point, had possession of the drugs and the intent to distribute them. Although he may not have been the architect of the scheme, this does not mean he is entitled to a minor participant reduction for the offense. *See Rodriguez De Varon*, 175 F.3d at 942. "[A] defendant's status as a

6

drug courier does not alter the principle that the district court must assess the defendant's role in light of the relevant conduct attributed to her." *Id.* (citing *United States v. Veloza*, 83 F.3d 380, 382 (11th Cir. 1996)). *See also United States v. Cacho*, 951 F.2d 308, 309–10 (11th Cir. 1992) ("Although [the defendant] was a courier who carried the drugs into the United States, that fact alone does not establish that she was either a minimal or minor participant in the conspiracy."); *United States v. Smith*, 918 F.2d 1551, 1566 (11th Cir. 1990) ("[A] drug courier is not necessarily a minor or minimal participant within the meaning of the Sentencing Guidelines."). Instead, "the district court must assess all of the facts probative of the defendant's role in her relevant conduct in evaluating the defendant's role in the offense." *Rodriguez De Varon*, 175 F.3d at 943.

Here the district court found that Mr. McDonal-Alejo was more than simply a drug courier, as he played a significant "logistical role in the organization." The district court, therefore, concluded that he was not a minor participant in the conspiracy. This finding was not clear error given the record before the district court.

Even if Mr. McDonal-Alejo was less culpable than Mr. Romero-Nieto, that fact alone does not warrant a role reduction, as the district court must find that he was less culpable than most of the other participants involved in the relevant

conduct. *See United States v. De La Cruz*, 443 F.3d 830, 832 (11th Cir. 2006). And that he did not do.

## III

As the district court did not commit clear error in determining Mr. McDonal-Alejo's role in the offense, we affirm.

**AFFIRMED.**